UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CLARENDON NATIONAL INSURANCE
COMPANY,**

    Plaintiff,

    v.                                                  **CIV. NO. 08-664 MV/ACT**

**RBC, L.L.C. d/b/a CAR CARE CENTER,
a New Mexico limited liability company
and JEREMIAH DOWLING,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** having come before the Court on Defendant RBC, LLC's ("RBC") Motion for Withdrawal of Admission filed April 20, 2009 [Doc. 37]. Plaintiff, Clarendon National Insurance Company ("Clarendon"), responded on May 6, 2007 [Doc. 41]. RBC replied on May 20, 2009 [Doc. 43]. Upon review of the pleadings and the relevant law the Court finds that RBC's Motion is not well taken and will be denied.

Procedural history.

Plaintiff filed its Complaint on July 17, 2008. This action is for declaratory relief relative to insurance coverage issues. Clarendon insured RBC under a commercial general liability and auto policy effective July 28, 2006, through July 28, 2009. A lawsuit was filed on June 17, 2008, captioned *William McNair, as personal representative on behalf of the Estate of Sharon McNair v. RBC, LLC d/b/a Car Care Center, Jeremiah Dowling, et al.* in Dona Ana County, Cause No. CV-2008-1329 ("the McNair lawsuit"). RBC and Defendant Jeremiah Dowling ("Dowling") tendered

the McNair Complaint to Clarendon demanding defense and indemnity. Clarendon agreed to defend RBC and Dowling pursuant to a full and complete reservation of rights. Clarendon seeks a declaration as to its rights and obligations under the policy with respect to both RBC and Dowling relative to the McNair lawsuit.

Matthew G. Watson ("Watson") filed an answer on behalf of RBC on August 18, 2008. Clarendon served its First Request for Admission to RBC and filed a Certificate of Service on February 5, 2009. [Doc. 21.]  Watson withdrew as counsel for RBC on April 6, 2009.  Larry Ramirez entered his appearance on behalf of RBC on April 6, 2009.

The Request for Admission ("RFA") at issue states the following:

Admit that the actions of Jeremiah Dowling, as alleged in the Complaint styled *William McNair, as personal representative on behalf of the Estate of Sharon McNair v. RBC, L.L.C. d/b/a Car Care Center, Jeremiah Dowling et al.*, Dona Ana County No. CV 2008-1329, committed on December 21, 2005, are the same acts which form the basis for the first degree murder (depraved mind) and aggravated battery (deadly weapon convictions for actions occurring on December 21, 2005 as those convictions are identified in Exhibit "A" hereto as the "Judgment and Order Partially Suspending Sentence" signed by State Judge Stephen Bridgforth in the matter *State of New Mexico v. Jeremiah Dowling*, Dona Ana County No. D-307-CR-2006,00018, entered September 12, 2007.

Attachment to Brief in Support of Motion for Withdrawal of Admission, [Doc. 38].   RBC has not responded to this RFA.

Legal standard.

Federal Rule of Civil Procedure 36(a) provides that "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters.  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed.R.Civ.P. 36(a)(3).   Whether to permit the withdrawal of an admission is a discretionary decision. *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991).  "A court

may permit withdrawal or amendment of the admission when 1) the presentation of the merits of the action will be subserved thereby, and 2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005) (citations and internal quotations omitted).  Rule 36(b)'s provision for withdrawal or amendment of an admission "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.  Fed.R.Civ.Pro. 36(b) Advisory Committee Notes (citation omitted).  However, "[t]he court is not required to allow withdrawal of an admission even if both the merits and prejudice issues cut in favor of the party seeking the withdrawal." *Ropfogel*, 138 F.R.D. at 582.

Discussion.

RBC has not shown that the merits will be subserved by withdrawing RBC's admission to the RFA. In Clarendon's Motion for Summary Judgment, Clarendon asserted as an undisputed fact that "[f]or the actions alleged in the McNair Complaint, Dowling was charged with, among other crimes arising out of the actions of December 21, 2005 which led to the death of Sharon McNair, first degree murder (depraved mind)." [Doc. 20,¶ 2 at p.2.] In its response brief RBC "challenges" this undisputed fact and states that "[i]t is clear that a separate criminal complaint, with its own allegations and elements, had to necessarily be established and was filed by the State of New Mexico against the Defendant Jeremiah Dowling." [Doc. 35 at 2].  The response does not deny or refute the RFA that the McNair Complaint allegations "are the same acts that form the basis for the....convictions...."  RBC's response was filed April 20, 2009, the same day RBC filed this Motion.

3

On May 12, 2009, Clarendon filed a Supplement Brief in Support of Summary Judgment [Doc. 42] and on May 27, 2009, RBC filed a response [Doc. 44].  The RFA is not specifically addressed by either party in these pleadings.  However, it should also be noted that in Intervenor's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment [Doc. 40 at 5] Intervneor states, "[t]he facts contained in Paragraph 7 of Plaintiff's Statement of Material Fact are undisputed; however Intervenor contends that such facts are immaterial for purposes of consideration of Plaintiff's Motion for Summary Judgment as explained in Section IV herein."  In Section IV of its Memorandum Intervenor argues that no intent requirement exists with respect to the depraved mind murder statute and therefore there is no collateral estoppel or preclusive effect associated with the conviction of Jeremiah Dowling.  RBC's Response to Clarendon's Motion for Summary Judgment adopts the Intervenor's Response and also discusses the issue of intent and the applicability of collateral estoppel.  Therefore it seems that this matter can be resolved on its merits without allowing a withdrawal of the admission by RBC.

The Court finds that RBC failed to satisfy the Court that it would be prejudiced by not allowing the withdrawal. This matter can still be resolved on its merits.

**IT IS THEREFORE ORDERED** that RBC's Motion for Withdrawal of Admission is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**