IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLARENDON NATIONAL INSURANCE
COMPANY,

            Plaintiff,

v.                                                Civ. No. 08-664 MV/ACT

RBC, L.L.C. d/b/a CAR CARE CENTER,
a New Mexico limited liability company,
and JEREMIAH DOWLING,

            Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 20, filed February 5, 2009), Plaintiff's Motion for Entry of Default (Doc. No. 30, filed March 3, 2009), and Defendant RBC, LLC's ("RBC") Motion for Withdrawal of Admission (Doc. No. 37, filed April 20, 2009). For the reasons stated below, the Court will **DENY** Plaintiff's Motion for Entry of Default [Judgment] without prejudice, **DENY** Plaintiff's Motion for Summary Judgment without prejudice, and **GRANT** Defendant's Motion for Withdrawal of Admission.

**Defendant RBC's Motion for Withdrawal of Admission**

RBC's previous counsel filed his motion to withdraw on February 4, 2009. (Doc. No. 18). The next day, Plaintiff served it First Request for Admissions on RBC's previous counsel. (*See* Doc. No. 38-3, filed April 20, 2009). RBC's previous counsel did not respond to the Request for Admission and withdrew on April 6, 2009. (Memorandum in Support, Doc. No. 41, filed May 6, 2009).

The Court substituted Larry Ramirez for RBC's previous counsel on April 6, 2009. (Doc. No. 34). Three days prior to his substitution as counsel for RBC, Mr. Ramirez had reviewed the

case file and, upon not finding the Request for Admission, requested Plaintiff's counsel to fax him a copy of the Request for Admission. (*See* Doc. No. 38-4, filed April 20, 2009).

Plaintiff contends that RBC's failure to timely respond to the Request for Admission results in the admission of the facts asserted. (Memorandum in Support at 2). Plaintiff admits that the Court has discretion to allow a party to submit responses after the 30-day time period for answering has elapsed but argues that the Court should not allow an untimely response in this case because (1) there are no compelling circumstances to do so, and (2) allowing a late response will cause prejudice and delay given that briefing on its summary judgment motion is almost complete.

The failure to timely respond to the Request for Admission appears to be the result of mistake during the withdrawal of RBC's previous counsel and the substitution of Mr. Ramirez. Given the policy which favors deciding cases on the merits, the Court will grant RBC's Motion to Withdraw Admission. *See Denver & Rio Grande Western RR Co. v. Union Pac. RR Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997) (*citing Foman v. Davis*, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome ....")).

**Plaintiff's Motion for Summary Judgment**

Plaintiff indicated that granting RBC's Motion to Withdraw Admission would "delay further briefing as well as full resolution of the matters before the Court" which suggests to the Court that Plaintiff may need to revise its Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment now before the Court will be denied without prejudice. Plaintiff may file a revised motion for summary judgment or, if it does not wish to revise its Motion for Summary Judgment, Plaintiff may renew its Motion for Summary Judgment by filing a Notice of Renewal with the Court.

**Plaintiff's Motion for Entry of Default Judgment**

Plaintiff filed its Complaint by Insurer for Declaration of Rights Under Insurance Policy on July 17, 2008. (Doc. No. 1). The basis of the suit against Defendants is to determine the rights and obligations of the parties relative to a certain insurance policy issued by Plaintiff to Defendant RBC as it relates to claims made in an underlying action in a case in New Mexico state court. (Motion at 1). Plaintiff's Complaint seeks a judgment declaring that (1) there is no coverage under the insurance policy in connection with the claims in the underlying suit, and (2) that Plaintiff has no obligation to defend or indemnify Defendants RBC and Jeremiah Dowling, or any other person or entity in connection with the underlying suit. (Complaint at 6).

Defendant Dowling was personally served with a summons and copy of the Complaint on July 29, 2009, while Dowling was incarcerated at the Western New Mexico Correctional Facility. (Motion at 1; Affidavit of Scott P. Hatcher, Doc. No. 30-2, filed March 3, 2009; Return of Service, Doc. No. 7, filed August 4, 2008). Dowling has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure. (Clerk's Entry of Default, Doc. No. 31, filed March 17, 2009). Plaintiff asks the Court to enter a default judgment in favor of Plaintiff and against Defendant Dowling declaring that there is no coverage for Defendant Dowling under the insurance policy that is the subject matter of the Complaint. (Motion at 2).

"A claimant is not entitled to a default judgment as a matter of right." 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.31[1] (3d ed. 2007). "In exercising its discretion whether to grant a default judgment, the court may consider any appropriate factors [including] the possibility of prejudice to the plaintiff . . . [and] the strong policy favoring decisions on the merits." *Id.* § 55.31[2]. Plaintiff's Motion for Entry of Default states that Plaintiff meets the procedural

requirements for a default judgment but does not address any of the factors the Court may consider, including whether Plaintiff will be prejudiced if the Court does not grant default judgment. Plaintiff's Motion for Summary Judgment seeks summary judgment against Dowling. Given the strong policy favoring decisions on the merits, the Court will deny Plaintiff's Motion for Default Judgment against Dowling without prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2009.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT COURT

*Attorney for Plaintiff:*

Scott P Hatcher
Hatcher & Tebo PA
150 Washington Ave.
Suite 204
Santa Fe , NM 87501

*Attorney for Defendant RBC, L.L.C.:*

Larry Ramirez
715 E. Amador
Suite B
Las Cruces , NM 88001

*Attorney for Defendant Jeremiah Dowling:*

No appearance.

*Attorney for Intervenor William McNair:*

Mark Pickett
Pickett & Murphy
PO Box 1239
Las Cruces , NM 88004